THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

)
NICKELLE L. CARLSON, an
individual,                         )     Case No. 2:11CV606 DS

       Plaintiff,          )
                               MEMORANDUM DECISION
    vs.                          )


JPMORGAN CHASE BANK, N.A.,          )
a National Association;
andd DOES 1-5,
       Defendants.          )

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

      This matter is before the court on defendant JPMorgan Chase Bank's ("Chase") motion for judgment on the pleadings. All briefing is complete and the court is prepared to rule without the assistance of oral argument. While the court notes plaintiff's request for hearing, the court has considered the briefing, the state of the law on the issues presented to the court, and DUCivR7-1(f) and finds that there is no justification for oral argument on the motion pending before the court. The motion for judgment on the pleadings will therefore be determined by the court on the basis of the written memoranda of the parties.

### Standard of Review

      Plaintiff is correct that a motion for judgment on the pleadings under Fed. R Civ. P. 12(c)is treated as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Accordingly, the court will accept all well-pleaded allegations of the complaint as true

and construe them in the light most favorable to plaintiff. *See Archuleta v. Wagner,* 523 F.3d 1278, 1283 (10th Cir. 2008); *Andersen v. Merrill Lynch Pierce Fenner & Smith, Inc.,* 521 F.3d 1278, 1284 (10th Cir. 2008). Nevertheless, if the complaint fails to state a plausible claim for relief it will be an appropriate candidate for dismissal. A claim has facial plausibility when the plaintiff pleads factual contents that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223-1224 (10th Cir. 2009).

## **Background**

Plaintiff's Complaint alleges four claims against defendant Chase: Negligent misrepresentation, breach of contract, and breach of duty of good faith and fair dealing, and negligent infliction of emotional distress.

On or about December 10, 2007, plaintiff executed a promissory note in favor of defendant First Horizon Home Loans as lender. Compl. at 8. Chase is the servicer of plaintiff's loan. Compl. at 3. Prior to December 2008, Plaintiff became delinquent on the payments owing under the loan agreement. Compl. at 24. Plaintiff consulted with a Chase representative about a loan modification in June 2009, and Plaintiff was advised that she must be in default to qualify for a loan modification. Compl. at 28. As a result of her conversations with Chase, plaintiff stopped making her mortgage

payments. Compl. at 29, 30. In 2009, plaintiff applied twice for a loan modification but her application was denied. Compl. at 31-57.

## **Negligent Misrepresentation**

Plaintiff's First Cause of Action seeks damages for alleged negligent misrepresentations made by Chase that plaintiff should cease making payments on her mortgage in order to qualify for a loan modification. Defendant argues that the economic loss rules bars plaintiff's claims. "The economic loss rule is a judicially created doctrine that marks the fundamental boundary between contract law, which protects expectancy interest created through agreement between the parties, and tort law, which protects individuals and their property from physical harm by imposing a duty of reasonable care." Def. Memo in Supp. at 4 citing *SME Indus. Inc. V. Thompson, Ventulett, Stainback & Assoc., Inc.,* 28 P.3d 669, 679 (Utah 2001).

Despite plaintiff's arguments to the contrary, which include her allegations of severe emotional distress and diagnosis of multiple sclerosis, the court finds that there is no causal connection between plaintiff's claim for negligent misrepresentation and her alleged diagnosed physical injury. Plaintiff's own allegations indicate other sever traumatic events occurring in her life at precise the time of the events surrounding her loan modification request which bolsters the court's conclusion

that a jury could not find in plaintiff's favor on the issue of causation without serious speculation.

This court's finding that the economic loss rule bars plaintiff's claim for negligent misrepresentation is supported by Judge Stewart's ruling in *Anderson v. Homecoming Financial, LLC, et al.,* 2011 WL 2470509 (D. Utah) where a borrower claimed that his lender negligently represented he should stop making mortgage payments so that he could apply for a loan modification. Both plaintiff in the instant case as well as the borrower in *Anderson* made deliberate decisions to delay their mortgage payments and must accept the consequences outlined in the loan agreements.

Finally, under Utah law, to recover on a claim for negligent misrepresentation, plaintiff must show that the defendant owed the plaintiff a duty. *See Webb v. Univ. of Utah,* 125 P.3d 906, 909 (Utah 2005). Chase does not owe a duty to plaintiff based on the facts plead in the complaint. Plaintiff's arguments that Chase exercised extraordinary influence over her and that she reasonably placed her trust and confidence in Chase are to no avail. The transaction at issue was an arms-length business transaction. Chase was acting in its own best interest and none of the facts outlined in the complaint justify any contrary conclusion. *See First Security Bank of Utah, N.A. v. Banberry Development Corp.,* 786 P.2d 1326, 1332-34 (Utah 1989).

Accordingly, plaintiff's claim for negligent misrepresentation fails as a matter of law for the reasons stated by the court and expressed more fully in defendant's memoranda.

### **Breach of Oral Contract**

Plaintiff's claim for breach of the oral contract allegedly entered into with Chase "to process her loan modification application in good faith and in a timely manner" (Compl. at 79) also fails as a matter of law.  Plaintiff did not plead promissory estoppel in her complaint and the court will not allow her to do so now.  Hence, the statute of frauds does apply to the facts as alleged by plaintiff because, in the court's view, the alleged oral contract is a credit agreement and thus governed by Utah Code Ann. Section 25-5-4, Utah's statute of frauds.

Plaintiff cites Utah Code Ann. Section 25-5-4(2)(c) to support her proposition that since Chase rendered financial advice and/or consulted with plaintiff when it told her to default and make no further mortgage payments, and a confidential or fiduciary relationship existed between Chase and plaintiff, and Chase's actions fall outside the scope of Subsection 2(b), Chase cannot claim that a credit agreement was created.

Both sides cite law from various outside jurisdictions to support their interpretation of Utah's credit agreement statute of frauds, Utah Code Ann. 25-5-4(c), because there is no relevant Utah case law.  The court finds defendant's citation of Louisiana law

5

most relevant and persuasive. In *Bowen v. Wells Fargo Bank. N.A.,* 2011 WL 3627320, *6 (M.D. Fla. Aug. 17, 2011), "the Louisiana Supreme Court held that plaintiff's cause of action seeking to enforce an offered alleged oral agreement by his lender to modify his loan conditioned upon his loan payments being at least 90 days past due, which offer plaintiff accepted by stopping to make his payments and providing all requested financial information, was a 'credit agreement' precluded by the statute of frauds." Defs. Reply Mem. at 10.  Especially given the court's finding that there was no special or fiduciary relationship, Plaintiff's arguments make little headway toward a different conclusion, and in fact support the court's finding that the statute of frauds does indeed apply. Neither relevant law nor common sense support a finding that an alleged oral agreement to modify the repayment terms of the loan agreement between plaintiff and defendant does not amount to a financial accommodation.

Furthermore, Chase effectively argues, and the court finds, that the statute of frauds precludes not only plaintiff's breach of oral contract claim, but it also bars plaintiff's related claims for negligent misrepresentation, breach of the covenant of good faith and fair dealing, and negligent infliction of emotional distress.  It is good law to conclude that Utah's statute "bars all actions for damages arising from oral credit agreements, regardless of the legal theory of recovery asserted" since the oral credit

agreement on which the claims are asserted is invalid, void, and outside the law. *See Jesco Const. Corp. V. Nationsbank Corp.,* 830 So.2d 989, 992 (La. 2002).

Finally, it is beyond reason to find that the facts alleged by plaintiff created a binding contract. Chase did not benefit in any way from plaintiff's actions. There was no enforceable contract, there was no consideration given, and there was no meeting of the minds as to the definite terms. This issue has been reviewed and decided on several occasions by this court. *See Osmond v. Litton Loan Servicing, LLC,* 2011 WL 1988403, *2 (D. Utah)("A meeting of the minds must include a clear and mutual understanding of the essential terms, which cannot be indefinite. . . . It is not possible to create an enforceable contract in which the parties generically agree to modify another contract that has definite terms." (citations omitted).

Accordingly, the court finds plaintiff's breach of oral contract claim fails as a matter of law.

### **Breach of Good Faith and Fair Dealing**

The court's previous finding that the statute of frauds applies and therefore plaintiffs claims, including breach of good faith and fair dealing, are barred disposes of this claim. In addition, this court's earlier ruling in *Dohner v. Wachovia Mortgage FSB,* 2011 WL 4064067 (D. Utah Sept. 13, 2011) is

controlling and dispositive. Accordingly, plaintiff's claim for breach of good faith and fair dealing are dismissed.

### **Negligent Infliction of Emotional Distress**

Last, the court will briefly address plaintiff's claim for negligent infliction of emotional distress. The activities outlined in paragraphs 31-61, taken as true, were poor business practices and undoubtedly frustrating to the plaintiff. But they do not rise to the extreme and outrageous level.

Plaintiff attempted to distinguish the cases cited by defendant, but she did not cite one case that supports this court's finding, on the facts alleged, that Chase is liable for negligent infliction of emotional distress. Plaintiff argues the cases cited by Chase were not directly on point given plaintiff's allegation of physical injury, but the court has already addressed the causation problems attendant plaintiff's diagnosis for multiple sclerosis. Furthermore, plaintiff's allegation that her claim is based on emotional distress resulting from defaulting on her loan in reliance on Chase's representations which allowed her to substantially increase her default and be led through a two-year cycle of stress caused by Chase is of no consequence. The negligent infliction of emotional distress law is well-developed. Plaintiff's allegations, taken as true, do not rise to the requisite level to defeat a motion to dismiss.

For the foregoing reasons, as well as those detailed in the memoranda filed by the parties, the court hereby GRANTS defendant's motion for judgment on the pleadings in its entirety. Plaintiff's complaint is DISMISSED with prejudice.

SO ORDERED.

DATED this <u>19th</u> day of <u>January</u>,2012.

BY THE COURT:

*[signature: David Sam]*

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT